UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GERALDINE V. PATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-530 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 12], and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff Geraldine V. Patrick seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through March 31, 2003.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc and facet joint disease and depression are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Her depression causes no more than mild restriction of activities of daily living or more than moderate limitation of ability to maintain social functioning or to sustain concentration, persistence, or pace. She has not experienced an extended episode of mental decompensation, and she functions adequately outside of a highly supportive setting.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: to perform light exertion, provided she perform only occasional postural activities, no more than simple and detailed, but not complex instructions, and no work involving frequent interaction with the public.

7. The claimant's past relevant work as a deli worker, if not also as a cook, did not require the performance of work-related activities precluded by her residual functional

2

>                  capacity (20 C.F.R. §§ 404.1565 and
>                  416.965).
>
>        8.        The claimant's medically determinable
>                  impairments do not prevent her from
>                  performing her past relevant work.
>
>        9.        The claimant was not under a "disability" as
>                  defined in the Social Security Act, at any
>                  time through March 31, 2003, the date last
>                  insured or through the date of the decision
>                  (20 C.F.R. §§ 404.1502(e) and 416.920(e)).

(Tr. 23).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

On appeal, plaintiff challenges the weight assigned the opinions of her treating sources, physician's assistant Ms. Moreland and Dr. Bradley; ALJ's residual functional capacity ("RFC") finding for light[1] work; and the ALJ's finding that she can return to her past work as a deli clerk. First, plaintiff argues that the ALJ erred in the weight afforded the opinions of Ms. Moreland and Dr. Bradley. She asserts that the ALJ ignored the opinion of Ms. Moreland that she was unable to do manual labor, heavy lifting, long-term sitting or overhead work. (Tr. 350). Ms. Moreland indicated that plaintiff could participate in vocational rehabilitation, although she was uncertain what

---

[1]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. § 404.1567(b).

3

type of work plaintiff could do based on her concentration difficulties. Id. Next, plaintiff contends that the ALJ erred in assigning greater weight to the opinion of the consultative examiner and the state agency physician than to her treating physician Dr. Bradley, who found that plaintiff could sit, stand or walk 2 hours out of an 8-hour day; could occasionally lift up to 10 pounds, bend at the waist; reach above her shoulders, stand on a hard surface; has severe pain; and would have difficulty in completing a 40-hour work week. (Tr. 394-96).

Plaintiff also challenges the ALJ's RFC finding, arguing that the ALJ failed to identify her functional limitations and restrictions and failed to assess her work-related abilities on a function-by-function basis and failed to properly consider that she has severe physical impairments capable of producing disabling pain. With respect to her mental impairments, plaintiff contends that Dr. Sachs in completing his review form indicated that she was moderately limited in many of the items listed on the checklist. (Tr. 318-34).

Finally, plaintiff contends that the ALJ's determination that she can perform her past work as a deli worker is not supported by substantial evidence, arguing that a "[r]eview of the record reveals that [her] job as a deli worker/clerk included other duties" that required her to pull huge pallets, lift weights of 100 pounds, or carry cases from walk-in freezers to tables or counters. (Tr. 164-65).

The Commissioner maintains that substantial evidence supports the ALJ's decision. As for Ms. Moreland's opinion, the Commissioner notes that the ALJ did not err because as a physician's assistant, Ms. Moreland was not an acceptable medical source. As for Dr. Bradley's opinion as a treating physician, the Commissioner notes that the ALJ gave his opinion little weight

4

because it was not based on "appropriate clinical findings or lack of response to prescribed therapy" and "substantial evidence of record is more consistent with a capacity for a range of light exertion," noting that his records do not reflect that he even treated plaintiff for her back condition. (Tr. 472-75). She insists that the ALJ's RFC finding for light work with only occasional postural activities; simple and detailed, but not complex instructions, and less than frequent interaction with the public is supported by the opinion of consultative examiner Dr. Summers and a state agency, reviewing physician. (Tr. 23, 340-47). The Commissioner points out that Dr. Summers found that plaintiff had a moderately decreased range of motion of the lumbar spine and no significant abnormalities of the cervical spine and thus, concluded that plaintiff would have difficulty bending, stooping, and lifting greater than 20 pounds, but could tolerate all other work-related activities. (Tr. 338). Moreover, the state agency physician opined that plaintiff was able to perform light work with occasional postural movements (Tr. 340-47), and that the record indicates that the plaintiff was treated conservatively with medication and injections. (Tr. 351-73, 398-455).

With respect to plaintiff's mental limitations, the Commissioner insists that the ALJ reasonably relied on the May 2002 opinion of the state agency psychologist Dr. Sachs that plaintiff could mentally perform simple and some detailed, not complex, work; could interact infrequently or 1-1 with the general public; and could adapt to gradual or infrequent changes. (Tr. 320). Moreover, although plaintiff argues that the ALJ was required to include in his RFC finding the "moderate" limitations that Dr. Sachs checked off when completing Section I of the mental RFC assessment form, the Commissioner insists that Section I of the form is "merely a worksheet" and that Section III is where the "actual mental RFC assessment is recorded." (Tr. 318-19). In addition,

5

although plaintiff insists that the ALJ should have included the state agency psychologist's "B" criteria, the Commissioner explains that the "B" criteria are used in determining whether the plaintiff meets a listing requirement, whereas the mental RFC considers specific work-related abilities.(Tr. 331). Further, she notes that Dr. Sachs' opinion was generally consistent with the opinion of consultative psychological examiner Ms. Garland, who found that plaintiff may be limited in her ability to do extremely detailed and complex work, her ability to persist and concentrate was slightly limited, her ability to get along with people did not appear to be limited, and her ability to work with the public and her ability to adapt may be limited by her medical problems or more likely her perception of her medical problems. (Tr. 313-17). Lastly, the Commissioner points out that the ALJ noted plaintiff had not sought any mental health treatment since 1994 and that none had been recommended. (Tr. 21).

With respect to plaintiff's subjective complaints, the Commissioner points out that while plaintiff summarizes portions of the medical evidence and asserts that her physical impairments are "capable of producing disabling pain," more is needed to demonstrate that she has disabling pain, especially since she reported moderate and high activity levels to Dr. Vinsant, her pain specialist. (Tr. 413-14, 420, 424, 429, 438-39, 446). Finally, the ALJ found plaintiff retained the RFC to perform at least her past relevant work as a deli worker (Tr. 23), relying on the opinion of a state agency vocational specialist, who classified this job as light. (Tr. 22, 209).

Plaintiff has the burden of proving she can no longer perform her past relevant work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). In making a determination, an ALJ compares the plaintiff's RFC with the requirements of her past work, and

6

if the plaintiff's past job does not require her to perform activities in excess of her RFC, she will be found not disabled. See 20 C.F.R. §§ 404.1520(e), 404.1560(b).

While plaintiff argues that the ALJ erred in the weight afforded the opinion of Ms. Moreland, I find no error. As a physician's assistant, Ms. Moreland is not an acceptable medical source, 20 C.F.R. §§ 404.1513, 416.913, and thus, her opinion about what plaintiff could still do despite her impairments is not a medical opinion. 20 C.F.R. §§ 404.1527, 416.927. With respect to Dr. Bradley's restrictive opinion, the ALJ is not bound by any physician's assessment and may reject unsupported conflicts in the evidence, even if the opinion is from a treating physician. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). The ALJ reasonably relied on the opinions of consultative examiner Dr. Summers and the state agency, reviewing physician, both of whom found plaintiff could perform light work over the opinion of Dr. Bradley who found she could perform less than light work. (Tr. 22, 338, 340-47, 394-96) Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence); 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians or psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"). With respect to plaintiff's subjective complaints of pain, the ALJ noted that during most of the plaintiff's treatment by pain specialist Dr. Vinsant she had at least moderate activity levels (Tr. 18), which is inconsistent with disabling pain. Walters v. Commissioner of Social Security, 127 F.3d 525, 532 (6th Cir. 1997) (ALJ may consider activities engaged in by plaintiff in evaluating assertion of pain or ailments).

7

As for plaintiff's alleged mental impairments, the ALJ noted that plaintiff had not sought any mental health treatment since 1994, but also the record reflects that plaintiff has refused treatment because it would bring up unpleasant memories. (Tr. 20, 314). Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) (failure to seek mental health treatment is significant when assessing the credibility of a plaintiff's allegations). Thus, plaintiff's lack of mental health treatment and unwillingness to obtain treatment severely undermines her claim of a disabling mental impairment. Also, although plaintiff complains that the ALJ erred in not using the "B" criteria or Section I of the evaluation form, the Commissioner correctly explains that the "B" criteria are used in determining a listing impairment and that Section III contains the psychologist's mental assessment. See 20 C.F.R., Part 404, Subpart P, Appendix 1; Program Operations Manual.

Lastly, I find no error with the ALJ's finding that plaintiff can perform her past relevant work as a deli worker. (Tr. 23). The record indicates that there were two deli clerk positions, one of which was at the light level. The ALJ considered not only the classification by the vocational specialist (Tr. 22, 209) but also by the VE (Tr. 164, 509) to find that plaintiff could still perform this job. See Walker v. Secretary of Health and Human Services, 884 F.2d 241, 2145 (6th Cir. 1989) (VE's testimony may be considered in outlining the demands of a claimant's past work and in assessing whether a claimant can perform his past work). The VE testified as follows:

> Deli clerk is per the DOT light and unskilled. Per the description in the file it was described as heavy and unskilled. There was another listing as a deli clerk which was listed as light and unskilled and described as light and unskilled. . . . Prep cook is light and semi-skilled and counter clerk . . . would be light and unskilled.

8

(Tr. 509). As the ALJ noted, plaintiff retained the ability to perform the deli clerk job, if not the cook's job. (Tr. 22). Thus, this issue is without merit.

Accordingly, it is hereby **RECOMMENDED**[2] that the plaintiff's motion for summary judgment [Doc. 12] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).