UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GERALDINE V. PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-530 |
| | ) | (VARLAN/SHIRLEY) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 17] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 16]. Magistrate Judge Shirley found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 12] be denied and that defendant Commissioner's motion for summary judgment [Doc. 14] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)

(citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first contends that the ALJ erred in his evaluation of the opinions of the plaintiff's treating sources and in failing to properly apply the Sixth Circuit pain standard. Specifically, plaintiff contends that the ALJ erred in ignoring the opinion of Lynn Moreland, PA-C, and in failing to accord proper weight to the opinion of Dr. Bradley. Plaintiff argues that the ALJ briefly mentioned Ms. Moreland's opinion in his summary of the medical evidence, but failed to further address it or explain the weight accorded to it. However, as noted by Judge Shirley, Ms. Moreland is a physician's assistant and therefore is not an acceptable medical source. 20 C.F.R. §§ 404.1513(a), 416.913(a). Because Ms. Moreland is not an acceptable medical source, her opinion is not a "medical opinion" as defined by the

2

regulations. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Thus, contrary to plaintiff's argument, Ms. Moreland is not a "medical opinion" to which the ALJ is required to afford certain weight. This objection will be overruled.

With respect to Dr. Bradley, plaintiff argues that the ALJ erred in failing to accord proper weight to his opinion as plaintiff's treating physician. Plaintiff contends that if the ALJ had accorded proper weight to Dr. Bradley's opinion, a finding of disability would have been reached based on the testimony of the Vocational Expert who concluded that there would be no jobs the plaintiff could perform based on Dr. Bradley's assessment. Instead, plaintiff contends the ALJ erred by giving greater weight to the opinions of the non-examining state agency physicians than to the opinion of plaintiff's treating physician.

As noted by Judge Shirley, the ALJ is not bound by any physician's assessment and may rejected unsupported conflicts in the evidence even if the opinion is from a treating physician. Judge Shirley concluded that the ALJ reasonably relied on the opinions of consultative examiner Dr. summers and the state agency reviewing physician, both of whom found plaintiff could perform light work over the opinion of Dr. Bradley who found she could perform less than light work. It is the function of the ALJ to determine what medical restrictions a plaintiff has and how they affect her residual functional capacity. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987); 20 C.F.R. § 404.1546(c). The opinion of the treating physician is entitled to weight only insofar as it is supported by clinical findings and is consistent with the record as a whole. 20 C.F.R. § 416.927(d). The record reflects that both the ALJ and Judge Shirley considered Dr.

3

Bradley's opinion in light of the entire record. Accordingly, the Court finds that the ALJ acted within his discretion when he found that the opinions of plaintiff's treating physician was not supported by the overall objective clinical and diagnostic medical evidence in the record. The objection will be overruled.

Plaintiff next objects that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. The record reflects that the ALJ's RFC finding is supported by the opinions of Dr. Summers and a state agency reviewing physician and that plaintiff's complaints of disabling pain are inconsistent with her treatment by pain specialist Dr. Vinsant. The record also reflects that the ALJ considered plaintiff's alleged mental impairments, but that such complaints are undermined by plaintiff's lack of mental health treatment and unwillingness to obtain treatment. Thus, the ALJ did not err in finding that plaintiff can perform her past relevant work as a deli worker. This objection will be overruled.

Finally, plaintiff contends that the ALJ should have considered the effects of plaintiff's impairments in combination. This objection is without merit inasmuch as the ALJ considered the plaintiff's impairments by thoroughly discussing them, by referring to them in the plural, and by stating that he considered "all symptoms" and "any medical opinions ... which reflect judgments about the nature and severity of the impairments and resulting limitations." [Tr. at 21.]

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for

summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE